[No. 25664.   Department Two.   August 16, 1935.]

LORENCE H. WEHTJE, *Appellant*, v. B. O. PORTER *et al.,*
*Respondents.*[1]

*W. G. Coleman,* for appellant.

*Ralph S. Pierce* and *Lehrer & Marquis,* for respondent.

BLAKE, J.—Plaintiff brought this action to recover damages for personal injuries which he alleged to be the result of negligence on the part of defendants. The cause was tried to a jury, which returned a verdict for plaintiff. The trial court entered judgment for defendants notwithstanding the verdict. Plaintiff appeals.

Respondents operate a large farm in Walla Walla county. Appellant had been intermittently in their employ, as a general farm hand, since the fall of 1929. His last period of employment commenced in July, 1933. He was injured in October. At the time of his injury (and for two or three days prior), he was engaged in harrowing behind an eight horse team, draw-

[1]Reported in 48 P. (2d) 212.

ing an eight section harrow. He rode horseback, driving the team from behind the harrow. The team was hitched to a drawbar, to which, at intervals the width of a harrow section, short chains were attached. At the forward corners of each harrow section was a ramshorn hook, to which the chains on the drawbar were attached. The sections of the harrow were chained together—that is, each section was attached to the one adjoining.

In operation, the harrow would, from time to time, become clogged with clods of earth and weeds to an extent that it would be necessary to remove them. At such times, appellant would dismount from his horse, go forward, and, raising the rear end of the clogged section of the harrow, remove the earth and weeds.

As he was so engaged, on the occasion when he was injured, he observed that the chain from the drawbar had become unfastened from one corner of one section of the harrow. He stepped on the rear end of that section of the harrow to go across and fasten the chain on the hook. As he did so, the horses started forward. The chain on the other corner of the same section became loose. The section turned over, and appellant fell on the teeth of the harrow. He shouted "Whoa," and the horses stopped.

The negligence charged is that respondents furnished him with a fractious team, or rather a fractious horse, and a defective harrow. There is such a complete absence of evidence to support either charge of negligence that it is somewhat difficult to demonstrate the correctness of the judgment of the trial court.

The charge that the team, or a horse in it, was fractious is not only not supported by any evidence, but is refuted by the fact that the team stopped promptly when appellant cried "Whoa."

■ The only evidence in support of the allegation that the harrow was defective was that the chain at the corner of that particular section had become unfastened two or three times a day. There was no evidence whatever that either the chain attached to the drawbar or the ramshorn hook on the harrow were in any degree different in construction, shape or condition than the other chains and hooks. The entire outfit was standard equipment and in general use in that part of the country. An employee cannot recover on account of injuries sustained in the use of such equipment, in the absence of proof of some defect due to the employer's negligence. This case falls within the rule stated in *Griffith v. Washington Water Power Co.*, 102 Wash. 78, 172 Pac. 822:

"An employer complies with his duty to his employee when he exercises reasonable and ordinary care in the selection of instrumentalities destined for his use, when he furnishes him with such as are in common use, without radical defects in themselves, even though it may be shown that there were better appliances for the particular purpose. The machine in question was not shown to have any radical defect in itself."

Judgment affirmed.

MAIN, HOLCOMB, MITCHELL, and STEINERT, JJ., concur.